## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

EDWIN ENOC RODRIGUEZ and
MARTHA JUDITH BARAHONA DE
RODRIGUEZ,

     Debtors.

Case No.   08-13421-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on the chapter 7 trustee's objection to the debtors' claim of exemption. The debtors claimed two motor vehicles exempt as tenants by the entirety property. The trustee objected, asserting that motor vehicles cannot be held as tenants by the entirety. The objection is well taken. The claim of exemptions will be disallowed.

Section 522 of the Bankruptcy Code permits debtors to exempt an interest in property held as tenants by the entirety to the extent it is "exempt from process under applicable nonbankruptcy law." 11 U.S.C. §522(b)(3)(B). Virginia law is the applicable nonbankruptcy law in this case. In Virginia, property held as tenants by the entirety is not subject to the individual debts of either spouse. It is subject only to the joint debts of the spouses. *Rogers v. Rogers,* 257 Va. 323, 326, 512 S.E.2d 821, 822 (1999) ( "[R]eal property held as tenants by the entireties is exempt from the claims of creditors who do not have joint judgments against the husband and wife."); *Vasilion v. Vasilion,* 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951) ("[T]he entirety is liable for the joint debts of both spouses and is reachable against them by proper process. But where a tenancy by the entirety in the fee simple is once created the property is completely immune from the claims of creditors against either husband or wife alone.") (citation omitted); *Bunker v. Peyton (In re Bunker),* 312 F.3d 145,

1

151 (4th Cir.2002); *Williams v. Peyton* (*In re Williams*), 104 F.3d 688, 690 (4th Cir.1997); *Reid v. Richardson,* 304 F.2d 351, 353 (4th Cir.1962) ("[U]nder Virginia law property held by the entireties is not subject in any manner to individual claims of creditors of one spouse, and .  .  . neither the land itself nor any interest therein may be reached in satisfaction in a separate judgment against only one of them.").

The question is not the effect of a tenancy by the entirety estate, but whether motor vehicles may be held as tenants by the entirety. The debtors correctly classify motor vehicles as personal property. They assert that §55-20.2(A) of the Code of Virginia (1950) allows all personal property, including motor vehicles, to be owned as tenants by the entirety. It provides:

> Any husband and wife may own real or personal property as tenants by the entireties. Personal property may be owned as tenants by the entireties whether or not the personal property represents the proceeds of the sale of real property. An intent that the part of the one dying should belong to the other shall be manifest from a designation of a husband and wife as "tenants by the entireties" or "tenants by the entirety."

Va.Code (1950) §55-20.2(A).

The trustee agrees with the debtors' general statement of law, but disagrees that Va.Code (1950) §55-20.2(A) controls the disposition of his objection. It is, he argues, a general statute while Va.Code (1950) §46.2-622 is a specific statute addressing how motor vehicles may be titled. Section 46.2-622 states:

> When the Department receives an application for a certificate of title for a motor vehicle, trailer, or semitrailer, to be issued in the names of two natural persons, jointly with right of survivorship, the Department shall issue to its owners a certificate of title accordingly. Any certificate issued in the name of two persons may contain an expression such as "or the survivor of them," which shall be deemed sufficient to create joint ownership during the lives of the two owners, and individual ownership in the survivor. A certificate issued in the names of two persons, with their names separated only by "or," shall create joint ownership during the lives of the owners, and individual ownership in the survivor of them.

2

Nothing herein shall (i) prohibit the issuance of a certificate of title in the names of two or more persons as owners in common which shall be sufficient evidence of ownership of undivided interests in the vehicle; (ii) grant immunity from enforcement of any liability of any person owning the vehicle, as one of two joint owners, to the extent of his interest in the vehicle, during the lives of its owners; (iii) permit the issuance of a certificate of title in the names of two persons as tenants by the entireties; or (iv) be used by one of the joint owners as a defense to the secured party's enforcement of a security interest in the vehicle that was granted by one or both of the joint owners of the vehicle on the same date or prior to the issuance of the certificate of title.

Va.Code (1950) §46.2-622.

The debtors argue that the matter was decided by this court in *In re Sampath,* 314 B.R. 73 (Bankr.E.D.Va.2004).  *In re Cordova,* ___ B.R. ___, (Bankr.E.D.Va.2008); 2008 WL 2953445 (Bankr. E.D.Va. July 28, 2008) (Mitchell, J.) quite correctly points out that *Sampath* is a real estate case, not a personal property case.  The law as it relates to joint ownership of personal property was not discussed in *Sampath*.  The source of personal property law, like real property law, is the English common law in effect at the time of Independence.  *See* Va.Code (1950) §1-200; *In re Strikwerda,* 216 Va. 470, 220 S.E.2d 245 (1975).  The common law remains the law of Virginia "except as altered by the General Assembly."  Va.Code (1950) §1-200.  The General Assembly modified the common law relating to personal property.  The code provisions applicable in this case are §55-20.2 and §46.2-622 as the parties argue.

This case concerns the relationship between §55-20.2(A) and §46.2-622 of the Virginia Code (1950).  The question is whether §55-20.2(A) which allows personal property in general to be held as tenants by the entirety is limited by §46.2-622 which prohibits motor vehicles from being held as tenants by the entirety.

Section 46.2-622 does prohibit motor vehicles from being held as tenants by the entirety.  It provides that nothing in the statute shall "grant immunity from enforcement of any liability of any

3

person owning the vehicle, as one of two joint owners, to the extent of his interest in the vehicle, during the lives of its owners" or "permit the issuance of a certificate of title in the names of two persons as tenants by the entireties". Va.Code (1950) §46.2-622.    The express prohibition against any "immunity from enforcement of any liability of any person owning the vehicle, as one of two joint owners, to the extent of his interest in the vehicle, during the lives of its owners" is contrary to one of the fundamental characteristics of a tenancy by the entirety – immunity from the claims of creditors of either husband or wife alone. *See, e.g., Vasilion v. Vasilion,* 192 Va. at 740; 66 S.E.2d at 602. This statutory prohibition standing alone prevents the creation of a tenancy by the entirety. The provision that prohibits the issuance of a tenancy by the entirety certificate of title only re-enforces the prohibition of creating an immunity from enforcement of a judgment against one of the owner's interest in the motor vehicle. Both the immunity provision and the tenancy by the entirety provision are clear. Motor vehicles cannot be owned by husband and wife as tenants by the entirety. Unlike the law of real estate tenancies by the entirety discussed in *Sampath*, a statute prohibits tenancies by the entirety in specific personal property – motor vehicles. *See In re Cordova*, 2008 WL 2953445.

A specific statute controls over a general statute when it addresses the same subject matter. *Frederick County Sch. Bd. v. Hannah,* 267 Va. 231, 236, 590 S.E.2d 567, 569 (2004). The Virginia Supreme Court stated in *Virginia National Bank v. Harris,* 220 Va. 336, 340, 257 S.E.2 867, 870 (1979):

> [W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.

Here, §46.2-622 is the specific statute. Section 55-20.2(A) is the general statute.

4

The debtors also point to the stipulation that the funds used to purchase the two motor vehicles were derived from property held as tenants by the entirety.  The debtors purchased the vehicles with funds from a home equity line of credit.  The home securing the equity line of credit is held by the debtors as tenants by the entirety.  The debtors argue that property acquired by the proceeds from tenants by the entirety property must also be held as tenants by the entirety.  *See In re Nagel*, 298 B.R. 582 (Bankr.E.D.Va. 2003).

The debtors' proposition is generally correct.  However, they may terminate or sever the tenancy by the entirety by their express agreement or their joint conduct.  *In re Nagel,* 298 B.R. at 589; *Phillips v. McCullen (In re McCullen),* 244 B.R. 73, 77 (Bankr.E.D.Va.1999).  That may occur when tenants by the entirety proceeds are used to purchase non-tenants by the entirety property, either real or personal.  *Banc of America Leasing & Capital LLC v. Havel,* 2006 WL 2850645 (E.D.Va., Sept. 29, 2006).  Here, the motor vehicles are such non-tenants by the entirety property because the Code of Virginia does not allow motor vehicles to be held as tenants by the entirety.  The tenants by the entirety estate in the proceeds from the equity line of credit terminated no later than upon the purchase of the motor vehicles.

The court will disallow the claim of exemptions based on 11 U.S.C.§522(b)(3)(B), the claim of tenants by the entirety in the motor vehicles.

Alexandria, Virginia
September 18, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

David Edgar Jones
Gordon P. Peyton

5

14578